**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| NICHOLAS D. GENNARO, | : | Civil No. 3:25-cv-1868 |
| Petitioner | : | (Judge Mariani) |
| v. | : | |
| MCGINLEY, *et al.*, | : | |
| Respondents | : | |

# MEMORANDUM

Petitioner Nicholas Gennaro ("Gennaro") filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a judgment and conviction imposed in the Court of Common Pleas of Bradford County, Pennsylvania. (Doc. 1). For the reasons set forth below, the Court will deny the habeas petition and a certificate of appealability will not issue.

## I. Background[1]

On March 17, 2020, the Commonwealth charged Gennaro with receiving stolen property, fleeing or attempting to elude law enforcement, possession of a controlled substance, recklessly endangering another person, and various summary driving offenses. *Commonwealth v. Gennaro*, 2022 WL 2359372, at *1 (Pa. Super. 2022). Gennaro was

---

1 The Court derived all pertinent facts and procedural history from the habeas petition itself, Petitioner's exhibits, Respondents' exhibits (which include the PCRA petition and supporting brief, the PCRA court order granting Gennaro's motion to proceed *pro se*, and the Pennsylvania Superior Court appeal docket), and the June 30, 2022 Pennsylvania Superior Court opinion. (Docs. 1, 15, 24-1, 24-2, 24-3).

incarcerated at the Bradford County Correctional Facility from March 17, 2020, through July 16, 2020. (*Id.*). On July 13, 2020, a corrections officer discovered that Gennaro was missing from his jail cell and observed a basketball-sized hole in the ceiling of his cell. (*Id.*). Gennaro was found in a crawlspace in the ceiling and was subsequently charged by the Commonwealth with escape, attempted escape, and institutional vandalism. (*Id.*; Doc. 1, at 153-55).

Following a jury trial, Gennaro was found guilty of escape, attempted escape, and institutional vandalism. *Commonwealth v. Gennaro*, 2022 WL 2359372, at *2. On May 19, 2021, the trial court sentenced Gennaro to an aggregate sentence of 11 to 48 months' incarceration to be served consecutively to his other sentences. (*Id.*; Doc. 1, at 131). Gennaro timely filed a direct appeal. (Doc. 1, at 171-202).

On June 30, 2022, the Pennsylvania Superior Court noted that Gennaro raised the following issues for review:

- Was the evidence adduced at trial sufficient to establish guilty beyond a reasonable doubt with regard to the charge of [A]ttempted [E]scape and [E]scape?

- Was Appellant denied due process when he was a county inmate housed at a state correctional facility, was not present at his pre-trial conference, and given three days to prepare himself for trial?

*Commonwealth v. Gennaro*, 2022 WL 2359372, at *2; *see also* Doc. 1, at 144-152. The Pennsylvania Superior Court ultimately affirmed the judgment of sentence. *Id.* Gennaro filed a petition for allowance of appeal with the Pennsylvania Supreme Court, which was

denied on May 8, 2023. (Doc. 1, at 189; *Commonwealth v. Gennaro*, No. 567 MAL 2022, 297 A.3d 402 (Pa. 2023)).

On March 14, 2024, Gennaro filed a *pro se* petition for post-conviction collateral relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 PA. CONS. STAT. §§ 9541-46. (Doc. 1, at 6-7; Doc. 24-2). Gennaro asserted six claims of ineffective assistance of trial counsel. (*Id.*). Counsel was subsequently appointed to represent Gennaro; however, Gennaro requested to proceed *pro se*. (*See* Doc. 1, at 212). A hearing was held and Gennaro was found to have "knowingly, voluntarily and intelligently waived his right to counsel." (Doc. 24-3, at 3). The PCRA court appointed standby counsel for Gennaro. (*Id.*).

On November 22, 2024, following a hearing, the PCRA court denied the petition, and Gennaro filed an appeal to the Pennsylvania Superior Court. (Doc. 1, at 8, 205-216). On PCRA appeal, the Pennsylvania Superior Court dismissed Gennaro's appeal "for failure to file a brief." (Doc. 15-21, at 4; Doc. 24-1, *Commonwealth v. Gennaro*, 1772 MDA 2024 (Pa. Super.)).

Thereafter, Gennaro timely filed the instant petition pursuant to 28 U.S.C. § 2254. (Doc. 1).

## II. Habeas Claims Presented for Federal Review

Gennaro seeks habeas relief based on the following grounds:

- Ground One: Gennaro's direct appeal and PCRA lawyers were ineffective for failing to raise a claim that Judge Beirne (the trial Judge), District Attorney Gallagher, Attorney General Buck, Superior Court Judges Panella, Stabile, and Dubow, and numerous lawyers committed fraud on the court.

- Ground Two: Gennaro's direct appeal and PCRA lawyers were ineffective for failing to raise a claim that Gennaro did not receive a trial before an unbiased and impartial judge.

- Ground Three: Gennaro's direct appeal and PCRA lawyers were ineffective for failing to raise a claim that Judge Beirne, Attorney General Buck, and "all lawyers" committed fraud on the court.

- Ground Four: Gennaro's direct appeal and PCRA lawyers were ineffective for failing to raise a claim that his due process rights were violated when he was not provided a disciplinary hearing for a misconduct he received at the Bradford County Correctional Facility.

- Ground Five: Gennaro's "pre-trial, trial, post trial, direct appeal, [and] PCRA" lawyers were ineffective for failing to a raise claim that there was "no evidence" to support his escape conviction.

(Doc. 1, at 13-14, 17, 20, 23, 24).

## III. Legal Standards

The statutory authority of federal courts to issue habeas corpus relief for persons in state custody is provided by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). A habeas corpus petition pursuant to § 2254 is the proper mechanism for a prisoner to challenge the "fact or duration" of his confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 498-99, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991). Rather, federal habeas review is restricted to claims based

"on the ground that [petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Estelle*, 502 U.S. at 68.

A. Exhaustion and Procedural Default

A habeas petitioner must exhaust state court remedies before obtaining habeas relief. 28 U.S.C. § 2254(b)(1)(A). The traditional way to exhaust state court remedies in Pennsylvania was to fairly present a claim to the trial court, the Pennsylvania Superior Court, and the Pennsylvania Supreme Court. *See Evans v. Court of Common Pleas, Delaware County*, 959 F.2d 1227, 1230 (3d Cir. 1992). However, in light of Pennsylvania Supreme Court Order No. 218, issued May 9, 2000, ("Order No. 218"), it is no longer necessary for Pennsylvania inmates to seek allocatur from the Pennsylvania Supreme Court in order to exhaust state remedies under 28 U.S.C. § 2254(c). *See Lambert v. Blackwell*, 387 F.3d 210, 233-34 (3d Cir. 2004) ("We now hold that Order No. 218 renders review from the Pennsylvania Supreme Court 'unavailable' for purposes of exhausting state court remedies under § 2254(c).").[2] The habeas petitioner has the burden of proving exhaustion. *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997).

---

[2] In May 2000, the Pennsylvania Supreme Court issued an order, Order No. 218, rendering review from the Pennsylvania Supreme Court "unavailable" for purposes of exhausting state court remedies for federal habeas petitions under 28 U.S.C. § 2254(c). *Lambert v. Blackwell*, 387 F.3d 210, 233 (3d Cir. 2004) (interpreting *In re: Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases*, No. 218 Judicial Administration Docket No. 1 (Pa. May 9, 2000) ("Order No. 218")). This means that, for purposes of federal habeas review under § 2254, a person in Pennsylvania custody "need not seek review from the Pennsylvania Supreme Court" in order to have exhausted state remedies and seek federal habeas review. *Id.*

A petitioner's failure to exhaust his state remedies may be excused in limited circumstances on the ground that exhaustion would be futile. *Lambert*, 134 F.3d at 518-19. Where such futility arises from a procedural bar to relief in state court, the claim is subject to the rule of procedural default. *See Werts v. Vaughn*, 228 F.3d 178, 192 (3d Cir. 2000). In addition, if the state court does not address the merits of a claim because the petitioner failed to comply with the state's procedural rules in presenting the claim, it is also procedurally defaulted. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

If a claim is found defaulted, the federal court may address it only if the petitioner establishes cause for the default and prejudice resulting therefrom, or that a failure to consider the claim will result in a fundamental miscarriage of justice. *Werts*, 228 F.3d at 192. To meet the "cause" requirement to excuse a procedural default, a petitioner must "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Id.* at 192-93 (quoting and citing *Murray v. Carrier*, 477 U.S. 478, 488-89 (1986)). Additionally, a petitioner can rely on post-conviction counsel's ineffectiveness to establish cause to overcome the default of a substantial claim of ineffective assistance of trial counsel. *Martinez v. Ryan*, 566 U.S. 1, 14 (2012). To establish prejudice, a petitioner must prove "'not merely that the errors at . . . trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Bey v. Sup't Greene SCI*, 856 F.3d 230, 242 (3d Cir. 2017).

For a petitioner to satisfy the fundamental miscarriage of justice exception to the rule of procedural default, the Supreme Court requires that the petitioner show that a "constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo*, 513 U.S. 298, 327 (1995) (quoting *Murray*, 477 U.S. at 496). This requires that the petitioner supplement his claim with "a colorable showing of factual innocence." *McCleskey v. Zant*, 499 U.S. 467, 495 (1991) (citing *Kuhlmann v. Wilson*, 477 U.S. 436, 454 (1986)). In other words, a petitioner must present new, reliable evidence of factual innocence. *Schlup*, 513 U.S. at 324.

B. Merits Standard

Once a court has determined that the exhaustion requirement is met and, therefore, that review on the merits of the issues presented in a habeas petition is warranted, the scope of that review is set forth in 28 U.S.C. § 2254(d). Section 2254(d) provides, in pertinent part, that an application for a writ of habeas corpus premised on a claim previously adjudicated on the merits in state court shall not be granted unless:

> (1) [the decision] was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) [the decision] was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). To establish that the decision was contrary to federal law "it is not sufficient for the petitioner to show merely that his interpretation of Supreme Court precedent is more plausible than the state court's; rather, the petitioner must demonstrate

that Supreme Court precedent requires the contrary outcome." *Matteo v. Superintendent*, 171 F.3d 877, 888 (3d Cir. 1999). Similarly, a federal court will only find a state court decision to be an unreasonable application of federal law if the decision, "evaluated objectively and on the merits, resulted in an outcome that cannot reasonably be justified under existing Supreme Court precedent." *Id.*

Further, under 28 U.S.C. § 2254(e)(1), a federal court is required to presume that a state court's findings of fact are correct. A petitioner may only rebut this presumption with clear and convincing evidence of the state court's error. *Miller-El v. Cockrell*, 537 U.S. 322, 341 (2003) (stating that the clear and convincing standard in § 2254(e)(1) applies to factual issues, whereas the unreasonable application standard of § 2254(d)(2) applies to factual decisions); *Matteo*, 171 F.3d at 888; *Thomas v. Varner*, 428 F.3d 492, 497-98 (3d Cir. 2005). This presumption of correctness applies to both explicit and implicit findings of fact. *Campbell v. Vaughn*, 209 F.3d 280, 286 (3d Cir. 2000). Consequently, a habeas petitioner "must clear a high hurdle before a federal court will set aside any of the state court's factual findings." *Mastracchio v. Vose*, 274 F.3d 590, 597-98 (1st Cir. 2001).

Like the "unreasonable application" prong of paragraph (1), a factual determination should be adjudged "unreasonable" under paragraph (2) only if the court finds that a rational jurist could not reach the same finding on the basis of the evidence in the record. 28 U.S.C. § 2254(d)(2); *Porter v. Horn*, 276 F. Supp. 2d 278, 296 (E.D. Pa. 2003); *see also Torres v. Prunty*, 223 F.3d 1103, 1107-08 (9th Cir. 2000); *cf. Jackson v. Virginia*, 443 U.S. 307, 316

(1979). "This provision essentially requires the district court to step into the shoes of an appellate tribunal, examining the record below to ascertain whether sufficient evidence existed to support the findings of fact material to the conviction." *Breighner v. Chesney*, 301 F. Supp. 2d 354, 364 (M.D. Pa. 2004) (citing 28 U.S.C. § 2254(d)(2) and (f)[3]). Mere disagreement with an inferential leap or credibility judgment of the state court is insufficient to permit relief. *Porter*, 276 F. Supp. 2d at 296; *see also Williams v. Taylor*, 529 U.S. 362, 408-09 (2000); *Hurtado v. Tucker*, 245 F.3d 7, 16 (1st Cir. 2001). Only when the finding lacks evidentiary support in the state court record or is plainly controverted by evidence therein should the federal habeas court overturn a state court's factual determination. *Porter*, 276 F. Supp. 2d at 296; *see also Williams*, 529 U.S. at 408-09.

## IV. **Discussion**[4]

It is first necessary to determine whether Gennaro's claims presented in his habeas petition are cognizable in a federal habeas proceeding and whether they have been exhausted in the state courts and, if not, whether the circumstances of his case are

---

[3] "If the applicant challenges the sufficiency of the evidence adduced in such State court proceeding to support the State court's determination of a factual issue made therein, the applicant, if able, shall produce that part of the record pertinent to a determination of the sufficiency of the evidence to support such determination." 28 U.S.C. § 2254(f).

[4] "In considering a § 2254 petition, we review the 'last reasoned decision' of the state courts on the petitioner's claims." *Simmons v. Beard*, 590 F.3d 223, 231-32 (3d Cir. 2009) (citing *Bond v. Beard*, 539 F.3d 256, 289-90 (3d Cir. 2008)). Thus, "[w]e review the appellate court decision, not the trial court decision, as long as the appellate court 'issued a judgment, with explanation, binding on the parties before it.'" *Burnside v. Wenerowicz*, 525 F. App'x 135, 138 (3d Cir. 2013). The Pennsylvania Superior Court's opinion, issued on June 30, 2022, will be the primary reference point in addressing Gennaro's claims. (Doc. 1, at 144-152; *Commonwealth v. Gennaro*, 2022 WL 2359372 (Pa. Super. 2022)).

sufficient to excuse his procedural default. The Court will then proceed to address the merits of the arguably exhausted claim.

A. Non-Cognizable Claim—PCRA Counsel Ineffectiveness

Gennaro asserts that PCRA counsel was ineffective for failing to raise several claims. (Doc. 1, at 13, 17, 20, 23, 24). Gennaro is not entitled to habeas relief on this claim to the extent he asserts it as a standalone claim of ineffective assistance of PCRA counsel. Gennaro did not have a federal constitutional right to counsel during his PCRA proceeding, *see Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); therefore, he cannot receive habeas relief on a standalone claim that his PCRA counsel was ineffective. This concept is codified by statute at 28 U.S.C. § 2254(i), which expressly provides that "[t]he ineffectiveness of counsel during Federal or State collateral post-conviction proceedings shall not be ground for relief in a proceeding arising under section 2254." *See also Coleman*, 501 U.S. at 752-53 ("There is no constitutional right to an attorney in state post-conviction proceedings.... Consequently, a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings."). Thus, Gennaro's standalone ineffectiveness of PCRA counsel claim is not cognizable as a basis for habeas relief.[5]

[5] In addition, the record shows that Gennaro represented himself *pro se* throughout the entirety of the PCRA proceedings, after "knowingly, voluntarily and intelligently waived his right to counsel" pursuant to *Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998). (Doc. 24-3).

B. Defaulted Claims—Grounds One though Five

All of Gennaro's claims are procedurally defaulted and were never properly presented to the state courts for a merits review. As stated, Gennaro presents the following claims in his federal habeas petition:

- Ground One: Gennaro's direct appeal and PCRA lawyers were ineffective for failing to raise a claim that Judge Beirne (the trial Judge), District Attorney Gallagher, Attorney General Buck, Superior Court Judges Panella, Stabile, and Dubow, and numerous lawyers committed fraud on the court.

- Ground Two: Gennaro's direct appeal and PCRA lawyers were ineffective for failing to raise a claim that Gennaro did not receive a trial before an unbiased and impartial judge.

- Ground Three: Gennaro's direct appeal and PCRA lawyers were ineffective for failing to raise a claim that Judge Beirne, Attorney General Buck, and "all lawyers" committed fraud on the court.

- Ground Four: Gennaro's direct appeal and PCRA lawyers were ineffective for failing to raise a claim that his due process rights were violated when he was not provided with a disciplinary hearing for a misconduct he received at the Bradford County Correctional Facility.

- Ground Five: Gennaro's "pre-trial, trial, post trial, direct appeal, [and] PCRA" lawyers were ineffective for failing to a raise claim that there was "no evidence" to support his escape conviction.

(Doc. 1, at 13-14, 17, 20, 23, 24).

In his direct appeal in state court, Gennaro raised the following two issues:

- Was the evidence adduced at trial sufficient to establish guilty beyond a reasonable doubt with regard to the charge of [A]ttempted [E]scape and [E]scape?

- Was Appellant denied due process when he was a county inmate housed at a state correctional facility, was not present at his pre-trial conference, and given three days to prepare himself for trial?

*Commonwealth v. Gennaro*, 2022 WL 2359372 at *2; *see also* Doc. 1, at 144-152, 171-202. It is clear that none of Gennaro's federal habeas claims were presented on direct appeal in state court.

Then in his *pro se* PCRA petition, Gennaro raised six claims of ineffective assistance of trial counsel. (Doc. 1, at 6-7; Doc. 24-2). The PCRA court denied the petition, and Gennaro filed an appeal to the Pennsylvania Superior Court. (Doc. 1, at 8, 205-216). On PCRA appeal, the Pennsylvania Superior Court dismissed the appeal "for failure to file a brief." (Doc. 15-21, at 4). The state court properly applied a state procedural rule to dismiss the claims. When the state court does not address the merits of a claim because the petitioner failed to follow the state's procedural rules in presenting the claims, the claim will be considered procedurally defaulted if the rule upon which the state court relied is independent of the constitutional issue and adequate to support the decision. *Maples v. Thomas*, 565 U.S. 266, 280 (2012); *Harris v. Reed*, 489 U.S. 255, 260 (1989). "[A] state procedural ground is not 'adequate' unless the procedural rule is 'strictly or regularly followed,'" *Johnson v. Mississippi*, 486 U.S. 578, 587 (1988), and the rule "speaks in unmistakable terms." *Doctor v. Walters*, 96 F.3d 675, 683 (3d Cir. 1996) (*abrogated on other grounds by Beard v. Kindler*, 558 U.S. 53 (2009)). Thus, the procedural disposition must comport with similar decisions in other cases such that there is a firmly established

rule that is applied in a consistent and regular manner "in the vast majority of cases." *Banks v. Horn*, 126 F.3d 206, 211 (3d Cir. 1997) (quoting *Dugger v. Adams*, 489 U.S. 401, 410 n.6 (1989)). Here, the default is based on the Superior Court's finding that Gennaro failed to file a brief. Pennsylvania's Appellate Rules on briefing are independent and adequate state rules. *See Kirnon v. Klopotoski*, 620 F. Supp.2d 674 (E.D. Pa. 2008) (finding that a state court decision relying on Rules 2116 and 2119 of the Pennsylvania Rules of Appellate Procedure (regarding the required contents of an appellate brief) constitutes an independent and adequate state ground, resulting in a procedural default of the underlying claim).

It is clear that grounds one through five of Gennaro's federal habeas petition have not been properly presented to the state courts for a merits review. As a result, Gennaro's failure to properly pursue his federal habeas claims in state court constitutes a procedural default of the claims.

Gennaro can overcome procedural default with a showing of "cause and prejudice" or by showing a "fundamental miscarriage of justice." *Werts*, 228 F.3d at 192 (quoting *Lines v. Larkins*, 208 F.3d 153, 160 (3d Cir.2000) (quoting *McCandless v. Vaughn*, 172 F.3d 255, 260 (3d Cir. 1999)); *see also Coleman*, 501 U.S. at 750 (applying "cause and prejudice" standard to district court review of habeas petitions). To show "cause," a petitioner must establish that "some objective factor external to the defense impeded counsel's [or petitioner's] efforts to comply with the State's procedural rule." *Murray*, 477 U.S. at 488. "Prejudice" requires that the "habeas petitioner…show 'not merely that the errors at…trial

created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Id.* at 494 (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)) (emphasis in original). Gennaro has failed to present any sufficient argument to excuse his default of his claims. (*See* Doc. 1). Accordingly, the Court finds that Gennaro's procedural default of his claims should not be excused, and the claims are barred from federal review.

As stated, *Martinez* recognized a narrow exception to the general rule that attorney errors in collateral proceedings do not establish cause to excuse a procedural default. *Martinez*, 566 U.S. 1. In *Martinez*, the United States Supreme Court held that in "initial-review collateral proceedings," where collateral review provides the first opportunity to litigate claims of ineffective assistance of appointed trial counsel, ineffective assistance of counsel can be "cause" to excuse the procedural default. *Martinez*, 566 U.S. at 8-11. The Court cautioned that its holding did not apply to counsel's error in other kinds of proceedings, such as "appeals from initial-review collateral proceedings, second or successive collateral proceedings, and petitions for discretionary review in a State's appellate courts." *Id.* at 16. Its "equitable ruling" was designed to reflect the "importance of the right to effective assistance of counsel." *Id.* In order to establish such "cause," petitioner must show that the state courts did not appoint counsel during the initial-review collateral proceeding for a claim of ineffective assistance at trial, or where counsel was appointed, that counsel was ineffective under the standard set forth in *Strickland v.*

*Washington*, 466 U.S. 668 (1984). *Id.* at 14. Further, a petitioner must also demonstrate that the underlying ineffectiveness claim is "substantial" and has "some merit." *Id. Martinez* does not excuse the non-cognizability of a petitioner's PCRA counsel ineffectiveness claims. *Id.* Under *Martinez*, only the procedural default of an underlying claim may be excused, and that is if the underlying claims allege ineffectiveness of trial counsel. *Id.*

Here, while Gennaro makes references to ineffective assistance of PCRA counsel, the record confirms that he proceeded *pro se* throughout his PCRA proceedings. Gennaro filed his own PCRA petition and, following a hearing, "knowingly, voluntarily and intelligently waived his right to counsel" and elected to proceed *pro se*. (Docs. 24-2, 24-3). In addition, the PCRA appeal docket confirms that Gennaro proceeded *pro se* on appeal. (Doc. 24-1). Thus, *Martinez* does not apply.[6]

In sum, the claims in Gennaro's habeas petition have not been properly presented to the state courts for a merits review. Furthermore, any attempt by Gennaro to exhaust his state remedies at this time would be futile because the claims are procedurally defaulted due to waiver of the claims and the expiration of the PCRA statute of limitations. *See* PA. R. APP. P. 903(a) (time for filing a direct appeal); 42 PA. CONS. STAT. ANN. § 9544(b) ("For purposes of this subchapter, an issue is waived if the petitioner could have raised it but

---

[6] Moreover, *Martinez* does not apply to counsel's errors in *appeals* from initial-review collateral proceedings. *See Norris v. Brooks*, 794 F.3d 401, 404 (3d Cir. 2015) ("*Martinez*...applies only to attorney error causing procedural default during initial-review collateral proceedings, not collateral appeals"). And *Martinez* does not apply to an underlying claim of direct appeal counsel ineffectiveness. *See Davila v. Davis*, 582 U.S. 521, 524-25 (2017).

failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding"); 42 PA. CONS. STAT. ANN. § 9545(b) ("Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final"). Gennaro is therefore in procedural default for failing to comply with the state filing requirements.

C. Potentially Exhausted Claim—Ground Five

In ground five of the habeas petition, Gennaro alleges that counsel was ineffective for failing to challenge the sufficiency of the evidence. (Doc. 1, at 24). In his federal habeas petition, Gennaro couched his sufficiency of the evidence claim in terms of ineffective assistance of counsel, which is different than the claim he raised in state court—the issue raised in state court was an independent claim challenging the sufficiency of the evidence. For purposes of completeness, the Court will address the merits of the sufficiency of the evidence claim.

The "clearly established Federal law" governing sufficiency of the evidence claims is set forth in the United States Supreme Court's decision in *Jackson v. Virginia*, 443 U.S. 307 (1979). Under *Jackson*, evidence is sufficient to support a conviction if, "after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 319. "*Jackson* leaves juries broad discretion in deciding what inferences to draw from the evidence presented at trial, requiring only that jurors 'draw reasonable inferences from basic

facts to ultimate facts.'" *Coleman v. Johnson*, 566 U.S. 650, 651 (2012) (quoting *Jackson*, 443 U.S. at 319).

On direct appeal, Gennaro argued that the evidence was insufficient to support his conviction for escape and attempted escape. *Commonwealth v. Gennaro*, 2022 WL 2359372, at *2-3. In affirming the judgment of sentence, the Superior Court rejected Gennaro's sufficiency of the evidence claim and found as follows:

> Appellant first challenges the sufficiency of the evidence supporting his conviction for Escape and Attempted Escape. Appellant argues that because he was not outside of his cell, but rather in the ceiling above his cell, the evidence adduced at trial was insufficient to convict him of both. Appellant's Br. at 17.
>
> "When considering a challenge to the sufficiency of the evidence, we must determine whether the evidence admitted at trial and all reasonable inferences drawn therefrom, when viewed in the light most favorable to the Commonwealth as verdict winner, is sufficient to establish every element of the offense beyond a reasonable doubt." *Commonwealth v. Reaser*, 851 A.2d 144, 147 (Pa. Super. 2004) (citation omitted). "In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder." *Commonwealth v. Melvin*, 103 A.3d 1, 39-40 (Pa. Super. 2014) (citation omitted). "[T]he finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence." *Id.* (citation omitted). Additionally, the Commonwealth need not establish facts and circumstances that preclude every possibility of innocence. *Commonwealth v. Estepp*, 17 A.3d 939, 943 (Pa. Super. 2011). "Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances." *Id.* (citation omitted). Notably, the Commonwealth may sustain its burden by presenting wholly circumstantial evidence. *Melvin*, 103 A.3d at 40.
>
> Relevant to this appeal, a person is guilty of Escape if he "unlawfully removes himself from official detention[.]" 18 Pa.C.S. § 5121(a). Section 5121(e)

further provides that "official detention" includes "detention in any facility for custody of persons under charge or conviction of crime[.]" *Id.* at § 5121(e). Escape is graded as a felony of the third degree if the actor was "under arrest for or detained on a charge of a felony[.]" *Id.* at § 5121(d)(1)(i)(A).

Moreover, "[a] person commits an attempt when, with intent to commit a specific crime, he does any act which constitutes a substantial step toward the commission of that crime." *Id.* at 901(a).

Pertinent here, in *Commonwealth v. Markle*, 369 A.2d 317 (Pa. Super. 1976), this Court affirmed a conviction for Escape under similar circumstances. This Court concluded that when staff discovered a defendant lying in the exercise yard outside of his assigned cell block and found a hole in the cell block roof, it could be reasonably inferred that the defendant had removed himself from the area of the prison where he belonged and, thus, was guilty of Escape despite the fact he was still inside the confines of the prison. *Id.* at 318.

Instantly, the trial court found that Appellant left his area of "official detention" when he left the four walls of his cell and entered the crawlspace above the cell. The court relied on *Markle*, *supra*, to conclude that when Appellant left the confines of his assigned cell, he was guilty of the crime of Escape, regardless of the fact that he was still inside of the prison. The trial court opined:

> Appellant was confined within the walls, floor[,] and ceiling of his cell. Appellant had to force his way into the crawlspace above the ceiling by breaking through masonry work and wire reinforcement. He left the area he was confined to, despite still being within the prison. He passed through a solid barrier in the ceiling, thus leaving the area of "official detention[,]" a critical element of [E]scape. As noted in *Markle,* [ ] a person under official detention does not need to fully leave the confines of incarceration to be guilty of [E]scape. Therefore, this issue is without merit.

Trial Ct. Op., dated 5/19/21, at 9.

The trial court also concluded that Commonwealth presented sufficient evidence to prove Attempted Escape and opined: "Appellant broke into the ceiling of his cell and crawled through it. The jury was free to infer that such

> an act was done with intent to commit the crime of Escape and that it was a substantial step toward the commission of same." *Id.* at 10.
>
> Upon review, we agree with the trial court that the Commonwealth presented sufficient evidence to convict Appellant of Escape and Attempted Escape. The evidence presented at trial demonstrated that Appellant was incarcerated pending bail on felony charges, that he was confined and locked inside of a cell, that he was not permitted to leave his cell, that he created a hole larger than a basketball in the cell ceiling, and that he climbed into the crawlspace above the cell with extra clothes, coffee, and other personal items only to be stopped by cinderblock walls. Viewing the evidence presented at trial in the light most favorable to the Commonwealth, sufficient facts of record support the factfinder's conclusion [that] Appellant unlawfully removed himself from official detention when he entered the crawlspace above his cell and the factfinder's inference that Appellant intended to commit the crime of Escape when he took the substantial step of breaking through the ceiling in his cell. Accordingly, the Commonwealth presented sufficient evidence to sustain convictions for Escape and Attempted Escape and Appellant's claim fails.

*Commonwealth v. Gennaro*, 2022 WL 2359372, at *2-3.

Clearly, the state court applied the Pennsylvania equivalent of the *Jackson* standard. *See Evans*, 959 F.2d at 1233 (noting that the test for sufficiency of the evidence is the same under both Pennsylvania and federal law). Because the Superior Court applied the correct legal standard, its adjudication satisfies review under the "contrary to" clause of § 2254(d)(1). *See, e.g., Williams*, 529 U.S. at 405-06.

The Court next considers whether the state court's decision amounted to an "unreasonable application" of *Jackson.*

> *Jackson* claims face a high bar in federal habeas proceedings because they are subject to two layers of judicial deference. First, on direct appeal, "it is the responsibility of the jury…to decide what conclusions should be drawn from evidence admitted at trial. A reviewing court may set aside the [trial court's] verdict on the ground of insufficient evidence only if no rational trier of fact

> could have agreed with the [trial court]." *Cavazos v. Smith*, 565 U.S. 1 (2011). And second, on habeas review, "a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court. The federal court instead may do so only if the state court decision was 'objectively unreasonable.'" *Ibid.* (quoting *Renico v. Lett*, 559 U.S. 766 (2010)).
>
> \- - -
>
> [T]he only question under *Jackson* is whether [the state court's] finding was so insupportable as to fall below the threshold of bare rationality. The state court of last review did not think so, and that determination in turn is entitled to considerable deference under AEDPA, 28 U.S.C. § 2254(d).

*Coleman,* 566 U.S. at 651, 656.

In considering this issue, the Superior Court found that the Commonwealth established the elements of escape and attempted escape. *Commonwealth v. Gennaro*, 2022 WL 2359372, at *2-3. The Superior Court noted that the Commonwealth must prove that "a person is guilty of Escape if he 'unlawfully removes himself from official detention[,]'…'official detention' includes 'detention in any facility for custody of persons under charge or conviction of crime[,]'…[and] '[a] person commits an attempt when, with intent to commit a specific crime, he does any act which constitutes a substantial step toward the commission of that crime.'" *Id.* at *3. The Commonwealth presented testimony from a County Detective, the corrections officer who discovered that Gennaro was missing from his cell, and the Warden of the Bradford County Correctional Facility. *Id.* at *2. Each witness testified regarding the events. *Id.* Ultimately, the Superior Court found that the Commonwealth presented sufficient evidence to sustain convictions for escape and attempted escape. *Id.* at *3. Gennaro does not argue that the state court's reliance on the

above evidence "was so insupportable as to fall below the threshold of bare rationality." *Coleman*, 566 U.S. at 656.

"28 U.S.C. § 2254(d) gives federal habeas courts no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court, but not by them." *Marshall v. Lonberger*, 459 U.S. 422, 434 (1983). Indeed, under the *Jackson* standard, "the assessment of the credibility of witnesses is generally beyond the scope of review." *Schlup*, 513 U.S. at 330. The proper question is not whether the witnesses were credible, but "whether there is sufficient evidence which, if credited, could support the conviction." *Id.* Further, *Coleman* cautioned courts that *Jackson* does not permit "imping[ing] on the jury's role as factfinder" through "fine-grained factual parsing." *Coleman*, 566 U.S. at 655. Rather, "*Jackson* leaves juries broad discretion in deciding what inferences to draw from the evidence presented at trial, requiring only that jurors 'draw reasonable inferences from basic facts to ultimate facts.' [*Jackson*, 443 U.S.] at 319." *Id.*

Taking into consideration all of this evidence as a whole, and viewing the evidence in the light most favorable to the prosecution, the Court finds that the state court's conclusion that there was sufficient evidence at trial to establish the necessary elements of escape and attempted escape, and to sustain the verdict, is not objectively unreasonable. *Jackson*, 443 U.S. at 319. There simply is no possibility that fair-minded jurists could find that this determination conflicts with applicable Supreme Court precedent. Nor, based on review of the state court evidence, is it an unreasonable determination of the facts. "Affording due

respect to the role of the jury and the state courts," *Coleman*, 566 U.S. at 656, Gennaro's sufficiency of the evidence claim fails.

## V. <u>Certificate of Appealability</u>

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327. When a district court has rejected a constitutional claim on its merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In addition,

> [w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Id.* Gennaro failed to demonstrate that a certificate of appealability should issue. Accordingly, the Court will not issue a certificate of appealability.

## VI. Conclusion

The Court will deny the § 2254 petition for a writ of habeas corpus. (Doc. 1). A separate Order shall issue.

Robert D. Mariani
United States District Judge

Dated: September 18, 2026